UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-40017-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| vs. | ) | MOTION TO SEVER |
| | ) | |
| EMMANUEL WILLIAM NYUON, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Emmanuel William Nyuon, moves to dismiss his indictment or sever his case from his codefendant because he alleges that the government has violated the Speedy Trial Act and his Sixth Amendment right to a speedy trial. Nyuon argues that he will be prejudiced if the indictment is not dismissed, if the cases proceed to trial together, or if there is any further delay in taking his case to trial. Docket 127. The government resists this motion and alleges that the delay is not unreasonable and is excludable time under the Speedy Trial Act, Nyuon cannot establish prejudice, and severance should be denied. Docket 128. For the following reasons, the motion to sever is granted.

**BACKGROUND**

The pertinent facts to this order are as follows: The original indictment in this case was filed against Nyuon on February 7, 2012, and included one count of sex trafficking of a child. Docket 3. Nyuon had his initial appearance on February 17, 2012, and he was taken into custody. Docket 8. The court

originally set Nyuon's trial date for April 24, 2012, in the scheduling and case management order. Docket 12.

On March 26, 2012, Nyuon's first attorney moved to withdraw, and the court granted that request on March 30, 2012. Docket 16. Following the appointment of new counsel, Nyuon moved to continue and a new trial date was scheduled for June 26, 2012. Dockets 17, 18. Nyuon again moved to continue on May 9, 2012, and a new trial date was scheduled for August 21, 2012. Dockets 27, 28. Nyuon's third motion to continue was filed on July 9, 2012, and the court set the new trial date for November 13, 2012. Dockets 32, 33.

Nyuon's second attorney then moved to withdraw, and the court granted that motion and appointed Nyuon's current attorney on August 2, 2012. Docket 46. On August 6, 2012, Nyuon moved to continue the deadlines in the scheduling order and filed a waiver of his speedy trial rights. Dockets 51, 52. The court granted the motion to continue and set Nyuon's trial date for December 18, 2012. Docket 54.

On November 6, 2012, a superseding indictment was returned by the grand jury, which added a second defendant, Mohammed Sharif Alaboudi. Docket 62. In the superseding indictment, the grand jury charged Nyuon and Alaboudi each with one count of sex trafficking of a child and conspiracy to engage in sex trafficking of a child. Nyuon had a hearing on his initial appearance on the superseding indictment and his motion to suppress on November 8, 2012. Docket 67.

On November 13, 2012, the court entered a new scheduling and case management order to join the codefendants and to comply with the Speedy Trial Act. Docket 75. A new trial date was scheduled for January 15, 2013. Alaboudi moved to continue the trial date on November 20, 2012. Docket 77. The court granted the motion to continue and set the trial date for March 19, 2013. Docket 78. On November 30, 2012, Nyuon moved to dismiss his indictment, or alternatively, to sever his case from his codefendant. Docket 83. This court denied Nyuon's motion to dismiss his indictment or sever his case from his codefendant. Docket 94.

On January 31, 2013, Alaboudi filed his second motion to continue. Docket 96. Nyuon resisted that motion to continue and asserted his speedy trial rights. Docket 97. The court granted the motion to continue and set the new trial date for April 2, 2013. Docket 99. On March 6, 2013, the grand jury issued a superseding indictment that added a new charge against Alaboudi. Docket 120. Alaboudi filed his third motion to continue on March 8, 2013. Docket 126. Nyuon resists Alaboudi's motion to continue, and he moves to dismiss or sever. Docket 127.

**DISCUSSION**

Nyuon alleges that his indictment should be dismissed because the government violated the Speedy Trial Act and Nyuon's Sixth Amendment right to a speedy trial. Alternatively, Nyuon asserts that his case should be severed from

Alaboudi's case or the court should deny Alaboudi's third request for a continuance so that Nyuon's case can proceed to trial.

This court has previously held that Nyuon's motion to dismiss was inappropriate and severance was not warranted in Nyuon's case under Federal Rule of Criminal Procedure 14 because the codefendants' defenses were not mutually antagonistic, the court could protect the codefendants from any prejudice from spillover evidence, and that Nyuon's Speedy Trial Act and Sixth Amendment rights were not violated. The court also found that any delay in Nyuon's Speedy Trial Act or Sixth Amendment rights was attributable to excludable time. The court finds that Nyuon's current motion to dismiss his indictment is denied based on the rationale contained in the court's prior order denying Nyuon's first motion to dismiss or sever. Docket 94.

The circumstances since that order relating to the motion to sever, however, have changed because a new superseding indictment has been issued and Nyuon's codefendant has moved to continue twice. With these changes in mind, the court will again utilize the four-factor balancing test in *Barker v. Wingo*, 407 U.S. 514 (1972), to determine whether further delay would violate Nyuon's Sixth Amendment rights.

A defendant's Sixth Amendment rights attach at arrest or indictment and proceed until trial commences. *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)). The Eighth Circuit Court of Appeals considers the following four factors to

determine if Sixth Amendment speedy trial rights are violated: (1) the length of delay, (2) reason for delay, (3) defendant's assertion of the speedy trial rights, and (4) defendant's prejudice. *Id.* (citing *Barker*, 407 U.S. at 530; *Titlbach*, 339 F.3d at 699). " 'A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors.' " *Id.* (quoting *Titlbach*, 339 F.3d at 699). If the defendant can establish such a presumption then the court considers " 'as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.' " *United States v. McGhee*, 532 F.3d 733, 739 (8th Cir. 2008) (citation omitted).

When considering the current trial date of April 2, 2013, the time period from Nyuon's initial appearance to trial date will have been approximately 14 months. Nyuon's codefendant has asked for an additional continuance of 60 days. If this delay is granted, the time between Nyuon's initial appearance and trial would exceed 16 months. Thus, Nyuon has shown that his delay would be presumptively prejudicial. A delay of four months over the bare minimum threshold for the presumptively prejudicial time period weighs in favor of granting the motion to sever. Because the delay has been over one year, the court will consider the other factors in the *Barker* analysis. *See Barker*, 407 U.S. at 530 (discussing length of delay as the triggering factor to consideration of the other factors).

The second factor is the reason for the delay. Nyuon moved to continue four times after his initial appearance. His indictment has been superseded twice. Nyuon's codefendant has now moved to continue their collective trial date three times. While the early delays were attributable to Nyuon,[1] the most recent delays are out of Nyuon's control. Although there is a strong preference to try persons jointly indicted or charged together in a conspiracy, the delay in this case surpasses this preference because Nyuon's length of delay is becoming longer and more unreasonable while Alaboudi was only added to the indictment four months ago and will need time to review discovery and prepare for trial. Accordingly, this factor weighs in favor of severance.

Under the third factor of the *Barker* test, defendants maintain a duty to assert their speedy trial rights. *Barker*, 407 U.S. at 529. Nyuon asserted his speedy trial rights prior to trial and first requested severance soon after his codefendant was joined. Nyuon resisted Alaboudi's second motion to continue and now resists Alaboudi's third motion to continue while again moving to dismiss his indictment or sever his case from Alaboudi. Because Nyuon has asserted his speedy trial rights in a reasonable manner, this factor weighs in favor of severance.

The final factor, prejudice, is considered " 'in the light of the interests of defendants which the speedy trial right was designed to protect . . . (i) to prevent

---

[1] *See United States v. Erenas-Luna*, 560 F.3d 772, 777 (8th Cir. 2009) (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992) (stating that the court evaluates "the reasons for the delay and evaluate[s] 'whether the government or the criminal defendant is more to blame.' ")).

6

oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired . . . the most serious is the last.'" *Shepard*, 462 F.3d at 864 (quoting *Barker*, 407 U.S. at 532). Here, Nyuon has been incarcerated for this offense since February 17, 2012, or for approximately 13 months. This delay borders on becoming oppressive pretrial incarceration.

Second, because Nyuon has been incarcerated for approximately 13 months awaiting trial, his future has been uncertain for an extended period of time. This anxiety does not alone demonstrate prejudice, but will be considered by the court. *McGhee*, 532 F.3d at 740 (citation omitted).

Finally, the most serious of the three considerations under a prejudice analysis is the third interest, which analyzes the actual or presumed prejudice from the delay. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The defendant's right to a speedy trial "is as fundamental as any of the rights secured by the Sixth Amendment." *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967). The right to a speedy trial is one of the most basic rights ingrained in the Constitution. *Id.* Thus, severance is an appropriate remedy when a defendant's Sixth Amendment rights are in jeopardy. *See United States v. Stockman*, Civ. O9-50029, 2010 WL 959928, at *1 (D.S.D. Mar. 12, 2010) (granting severance when

7

defendant had been in custody for 8 months and codefendant was ill); *United States v. Chantharath*, Civ. No. 10-40004, 2011 WL 4833048, at *5 (D.S.D. Oct. 12, 2011) (concluding prejudice and a violation of defendants' speedy trial rights existed when each defendant had been in custody for more than a year and it was unclear when another coconspirator would be ready for trial).

Nyuon has a fundamental right under the Sixth Amendment to a speedy trial. He has been in custody for 13 months, which is a delay that is already beyond the presumptively prejudicial mark. Alaboudi's pending motion to continue for the third time is an indicator that Nyuon's presumptively prejudicial delay from indictment to trial could continue for an unforeseeable length of time and would prejudice Nyuon and violate his rights. Thus, this factor weighs in favor of granting severance. Because all four *Barker* factors weigh in favor of Nyuon, the court grants his motion to sever.

## CONCLUSION

After balancing the *Barker* factors, the court finds that the delay from indictment to trial, reasons for delay, Nyuon's assertion of his speedy trial rights, and prejudice all establish that Nyuon's Sixth Amendment right to a speedy trial would be violated if his case is not severed from Alaboudi. Accordingly, it is

ORDERED that Nyuon's motion to dismiss the indictment (Docket 127) is denied.

8

IT IS FURTHER ORDERED that Nyuon's motion to sever his trial from his codefendant's trial (Docket 127) is granted.

Dated March 11, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE